IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DUSTIN STANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00270 |
| | ) | |
| DAVIDSON COUNTY SHERIFF's OFFICE, et al., | ) ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Dustin Stanton, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (Doc. No. 1), and an application to proceed *in forma pauperis* (IFP) (Doc. No. 2). The IFP application will be granted by Order accompanying this Memorandum.

The complaint is before the Court for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.    PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II.    Section 1983 Standard

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**III.     Allegations and Claims**

Plaintiff, who is in pretrial detention at the Davidson County Maximum Correctional Center (MCC), alleges that he made a request to be placed in the security management unit on January 24, 2019, because he feared for his safety after an officer handed a bag of his commissary items to one of the inmates on his list of incompatibles. (Doc. No. 1 at 7.) Plaintiff had been in this protective custody placement for a month when, on February 24, 2019, he was attacked on the recreation yard by another inmate, Josh Raines. At the time of the attack, Plaintiff was in full restraints (leg irons and a belly chain with handcuffs) but Raines, "a disruptive inmate serving disciplinary time with a 15 yr sentence waiting on T.D.O.C. bus to take him to prison" (*id.* at 9), did not have leg irons and the handcuffs attached to his belly chain were "loose enough to easily take off." (*Id.* at 7.) As a result, Plaintiff could not defend himself except by trying to shield his face, and Raines landed multiple blows to his head and body resulting in momentary loss of consciousness, facial and bodily injuries, and chipped teeth. (*Id.* at 7, 10.)

Plaintiff does not allege any provocation for this attack, or that any Defendant was aware of any likelihood that Raines would attack him. He alleges that Officers Jennifer Lane and Trevor Matthews were the Unit Post officers responsible for ensuring that all inmates are fully restrained when they leave their cells for escort to a different destination within the MCC, and that these Defendants failed to perform their job of fully restraining Raines by "leaving his leg irons completely off and his belly chains handcuffs loose enough to take off[.]" (*Id.* at 8.) He alleges that Administrative Staff Member Ruby Joyner, Classification Director Beth Gentry, and Chief of

3

Security Jamie Johnson were aware that he had been housed in the Security Management Unit since January 24, 2019. (*Id.* at 9.)

Plaintiff alleges that the Recreation Officer on February 24, 2019, Officer Jennifer Cobbs, failed to perform her job by not inspecting all inmates' restraints before letting them on to the recreation yard. (*Id.*) He further alleges that Defendant Cobbs—along with Lt. Kevin Cole and Sgt. Nicholas Pallak, who "were over security operations that day, watching security cameras from their office" and supervising the handling of security concerns—allowed "all status inmates [to] rec together that day," including inmates in disciplinary segregation, "Adm Max," and protective custody. (*Id.* at 8–9.) In addition, he alleges that there were "at least 13 inmates on 1 side of the fence when its only suppose[d] to be 5 on split sides of the fence. That's why there is split cages[,] for different status inmates." (*Id.* at 8.) He claims that "they run recreation like that because it gets done faster and easier." (*Id.*) He alleges that this practice is ongoing at the MCC. (*Id.*)

In a letter to the Court submitted with his complaint, Plaintiff asks for counsel to be appointed for him and clarifies that "numerous officers in claim failed to keep me safe by putting all status inmates together on 1 side of the rec fence when it's plainly 10-12 split cages, but policies and procedures are being broken on a daily basis so officers can bring whole unit out, get rec done faster and easier[.]" (Doc. No. 1-2.)

Plaintiff sues all Defendants in their individual and official capacities, and claims that they were deliberately indifferent, provided inadequate protection, and failed to follow policies and procedures, resulting in the breach of security which led to Plaintiff's injuries. (Doc. No. 1 at 7, 9.) He further states that Sheriff Daron Hall and the Davidson County Sheriff's Office are named as Defendants due to the numerous assaults that have occurred at the MCC since November 2018. (*Id.*)

Plaintiff seeks relief in the form of $250,000.00 in damages from each Defendant, and an order for Davidson County Sheriff's Office to schedule an MRI for further diagnosis of his injuries and dental care to fix his chipped teeth. (*Id.* at 11.)

## IV. Analysis

The Constitution requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Although *Farmer* is an Eighth Amendment case, and the Eighth Amendment's prohibition of cruel and unusual punishment "applies only to those individuals who have been tried, convicted, and sentenced," the protections it affords are no less applicable to pretrial detainees such as Plaintiff, who are presumed innocent and are therefore "protected [from punishment] by the Fourteenth Amendment's Due Process Clause." *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016); *see also Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) ("[T]he eighth amendment rights of prisoners are analogized to those of detainees under the fourteenth amendment, to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial.").

Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. A prison official may not avoid liability for this knowing disregard of—or "deliberate indifference" to—the risk of harm at the hands of a fellow inmate "by showing that, while he was aware of an obvious, substantial risk to inmate safety, he

5

did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault"; "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.* at 843.

Here, Plaintiff alleges that Defendant Cobbs, with the approval of Defendants Cole and Pallak,[1] violated MCC policy by holding one recreation period for inmates of all different security classifications without observing the system for segregating such inmates in "split cages," and that "they run [it] like that" so that recreation for the whole unit would get "done faster and easier." (Doc. No. 1 at 8; Doc. No. 1-2.) Under *Farmer*, these allegations are sufficient to state a colorable claim of deliberate indifference to Plaintiff's safety, even though none of these Defendants is alleged to have known of the particular risk that inmate Raines posed to Plaintiff. For purposes of this initial review, the Court finds that Plaintiff has sufficiently alleged a substantial risk of serious harm from holding a single recreation period for all inmates of all security classifications without observing the split-cage system, and that keeping the inmates in restraints while they recreate was not a reasonable measure to abate that risk. *Farmer*, 511 U.S. at 847. The failure-to-protect claim against Defendants Cobbs, Cole, and Pallak in their individual capacity will therefore be allowed to proceed past the initial screening stage.

However, Plaintiff fails to state any individual-capacity claim related to the failure of Defendants Lane and Matthews to properly restrain Raines, or the failure of Defendant Cobbs to

---

[1] These Defendants' supervisory liability is supported to the extent that they are alleged to have encouraged, implicitly authorized, approved, or knowingly acquiesced in the unlawful conduct of their subordinate, Defendant Cobbs. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cty, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

6

inspect Raines's restraints before letting him on the recreation yard, as such claims of officers failing to "professionally d[o] th[eir] job" (Doc. No. 1 at 8, 9) allege mere negligence, and "a negligent act of an official causing unintended . . . injury" does not support a constitutional claim under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff likewise fails to claim more than negligence in alleging that Defendants Joyner, Gentry, and Johnson knew that he generally feared for his safety but failed to prevent the attack, or that Defendant Hall is liable because the number of assaults at the MCC indicate that the facility is unsafe. (Doc. No. 1 at 9.) Plaintiff also fails to allege these Defendants' personal involvement in, or approval of, the allegedly unconstitutional activity that lead to his injuries. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("proof of personal involvement is required for a supervisor to incur personal liability" under Section 1983). He therefore fails to state an individual-capacity claim against these Defendants.

The official-capacity claims against all Defendants are subject to dismissal. An official-capacity claim against a county official is essentially a claim against the county itself, requiring the plaintiff to show that his injuries resulted from a policy or custom attributable to the county. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245–46 (6th Cir. 1989). Plaintiff's allegations do not suggest that any individual's alleged misconduct was undertaken pursuant to a municipal policy or custom; in fact, he asserts that Defendants' actions were in violation of applicable policies and procedures. (Doc. No. 1 at 7, 9; Doc. No. 1-2.)

Finally, Plaintiff fails to state a claim against the Davidson County Sheriff's Office. It is well settled that county sheriff's offices are not entities subject to suit under Section 1983. *Lunsford v. Davidson Cty. Sheriff Office*, No. 3:19-cv-00079, 2019 WL 333553, at *2 (M.D. Tenn. Jan. 25, 2019) (citing, *e.g.*, *Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991)).

7

**IV.      Conclusion**

In light of the foregoing, the Court finds that Plaintiff has stated a non-frivolous claim against Defendants Cobbs, Cole, and Pallak in their individual capacity, regarding their failure to protect him from harm at the hands of another inmate. Process shall issue on that claim.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE