# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **DUSTIN STANTON,** | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:19-cv-00270 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| **RUBY JOYNER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 28) recommending the Court deny Defendants' Motion to Dismiss (Doc. No. 15). Defendants filed Objections to the Report and Recommendation (Doc. No. 29).

After a *de novo* review, and for the following reasons, Defendants' objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, Defendants' Motion to Dismiss (Doc. No. 15) is **DENIED**.

### I. BACKGROUND[1]

Plaintiff Dustin Stanton was detained pre-trial at the Davidson County Maximum Correctional Center ("MCC"). (Doc. No. 1). At the time of the alleged incident, he was in protective custody. (*Id.*) On February 24, 2019, Plaintiff was attacked in the recreation yard by inmate Josh Raines, who was "a disruptive inmate serving disciplinary time with a 15[-year] sentence waiting on [a] T.D.O.C. bus to take him to prison[.]" (Doc. No. 1) Raines told Plaintiff, "'I got you know [*sic*] you check in bi---,' meaning protective custody inmate, and

---

[1] The facts in this section are drawn from the Complaint (Doc. No. 1) and taken as true for purposes of the motion to dismiss.

started throwing blow after blow." (*Id.*) (alteration in original). Raines knocked Stanton unconscious, injured his face and body, and chipped his teeth. Plaintiff alleges that, "since November 2018[,] … numerous inmate on inmate assaults have occurred here at MCC …" (*Id.*)

Plaintiff states that MCC policies and procedures require officers to separate inmates with different security statuses during recreation and to allow no more than five inmates in each recreation area (divided by fences that Plaintiff refers to as "split cages"). (*Id.*) MCC policies and procedures also require all inmates to be fully restrained. (*Id.*) The day Plaintiff was attacked, all inmates were let out together so that inmates with "plainly … different [security] status[es]" were grouped together. There were at least thirteen inmates in his area. (*Id.*) Plaintiff claims he was fully restrained with leg irons and a belly chain with handcuffs, but Raines was not wearing leg irons and the handcuffs attached to his belly chain were "loose enough to easily take off." (*Id.*)

Plaintiff filed this case against Defendant Officers Jennifer Cobbs, Lieutenant Kevin Cole, and Sergeant Nicholas Pallak under 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights by failing to protect him from a violent assault by another inmate.[2] Defendants moved to dismiss for failure to state a claim and qualified immunity. In the Report and Recommendation, the Magistrate Judge recommended the Court deny Defendants' Motion to Dismiss. Defendants object to the recommendation of the Magistrate Judge arguing that the facts do not support a finding of deliberate indifference and plaintiff has not shown the violation of a clearly established constitutional right.

---

[2] The Court dismissed Plaintiff's claims against other defendants on initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. No. 5).

2

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Because Plaintiff proceeds *pro se*, the Court construes his filings "liberally" and holds his complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.   ANALYSIS

**A. Plaintiff Has Plausibly Alleged Deliberate Indifference**

The Eighth Amendment imposes on prison officials "an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).  Pretrial detainees are entitled to the same Eighth Amendment rights as other inmates under the Fourteenth Amendment's due process clause. *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.")

The Constitution requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  "[A] prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A plaintiff must show that the risk of harm is sufficiently serious, an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id.* at 834.

Defendants argue the Magistrate Judge erred in determining Plaintiff pleaded sufficient facts to satisfy the subjective portion of the inquiry – "deliberate indifference."  At the pleading stage, plaintiffs must allege that: "(1) 'the official being sued subjective perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded the risk.'" *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016) (quoting *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)).

Defendants argue that general awareness of policies requiring segregation and awareness of inmate altercations is insufficient to support a plausible inference that Defendants acted with deliberate indifference because there is no allegation that Defendants were aware that failure to comply with the segregation policies created a risk of violence toward Plaintiff. Defendants also argue that that inmate-on-inmate assaults are not alleged to have occurred under identical circumstances – i.e. during recreation time, when too many inmates were in a shared space, between inmates who should have been separated because of their different statuses.

At the pleading stage, the Court's task is to determine only if Plaintiff "is entitled to offer evidence to support [his] claims[,]" not whether he "will ultimately prevail" by proving facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Plaintiff need only plead facts sufficient to raise a plausible inference that Defendants acted with deliberate indifference. *See Ashcroft*, 556 U.S. 662.

Plaintiff has alleged Defendants were aware of the following facts: (1) Plaintiff was in protective custody; (2) Raines was known to be disruptive and was serving disciplinary time; (3) MCC regulations required inmates to be restrained; (4) MCC regulations required inmates with different security status to be segregated; (5) MCC regulations allowed only five inmates in a recreation area; (6) when the attack occurred, all of the inmates were in the same recreation area without regard to security status; (7) thirteen inmates were in one recreation area; (8) Plaintiff was restrained with leg irons, a belly chain and handcuffs; and (8) Raines was not wearing leg irons and the handcuffs attached to his belly chain were loose. These allegations are sufficient to support a plausible inference that Defendants knew Plaintiff faced a substantial risk of serious harm and disregarded the risk. *See Farmer*, 511 U.S. at 842 ("Whether a prison

5

official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

## B. Plaintiff's Constitutional Rights Were Clearly Established

Defendants have raised the defense of qualified immunity. "The qualified immunity doctrine shields government officials performing discretionary functions from civil liability unless their conduct violates clearly established rights." *Quigley v. Thai*, 707 F.3d 675, 680 (6th Cir. 2013). To survive a motion to dismiss on qualified immunity grounds, the complaint "must allege facts that 'plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 907 (6th Cir. 2019) (alteration in original) (quoting *Courtright*, 839 F.3d 513, 518 (6th Cir. 2016)). "It is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Courtright*, 839 F.3d at 518. "Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Id.* (quoting *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015)).

Defendants argue that the constitutional right at issue is not well established because "Plaintiff has located no authority from the Supreme Court, the Sixth Circuit, or from any other court of appeals that addresses the issue of whether an instance of mixed-status recreation constitutes a violation of a constitutionally protected right." Defendants also argue that the

Magistrate Judge's reliance on *Miller v. Shelby County*, 93 F. Supp. 2d 892 (W.D. Tenn. 2000), is misplaced.

While Defendants are correct that *Miller* is not controlling authority, their argument fails in that it suggests an overly restrictive delineation of the constitutional right at issue. While courts looks "principally to the law of this circuit and to the Supreme Court" to determine if the right is clearly established, *Perez v. Oakland Cty.*, 466 F.3d 416, 427 (6th Cir. 2006), "[t]he operative inquiry is not whether a previous court faced perfectly analogous facts—it is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted.'" *Cahoo*, 912 F.3d at 904. The clearly established right in this case is that prison officials must "take reasonable measures to guarantee the safety" of prisoners and pretrial detainees. *Hudson*, 468 U.S. at 526-27; *see also Street*, 102 F.3d at 815; *Farmer*, 811 F.3d at 843.

Moreover, the Magistrate Judge did not rely on *Miller* as a case establishing a constitutional right, but as an example of a factually similar case which applied the Sixth Circuit and Supreme Court precedent. See *Miller*, 93 F. Supp. 2d at 897 ("[T]here is no question that prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." (citing *Wilson v. Yaklich,* 148 F.3d 596, 600 (6th Cir. 1998)).

Plaintiff has pleaded sufficient facts to allege Defendants did not take reasonable measures to guarantee his safety when they allowed Plaintiff, an inmate in protective custody, to recreate with other non-similarly classified inmates (including one known to be "disruptive" who was serving disciplinary time), in groups larger than allowed by prison policy, while Plaintiff was restrained to a greater degree than the inmate who attacked him. Accordingly, Defendants have not shown they are entitled to qualified immunity based on the pleadings.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. No. 28) is **ADOPTED**.  Accordingly, Defendants' Motion to Dismiss (Doc. No. 15) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE